IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

AGRIBANK, FCB, )
an instrumentality of the )
Government of the )
United States of America, )
)
       Plaintiff, )
)
v. ) Case No. CV-99-TMP-1351-S
) CV-00-TMP-1331-NE
ROGER WEEKS, )
)
       Defendant. )

**ENTERED**

**MAY 29 2001**

## MEMORANDUM OPINION

This action is before the court on a motion for summary judgment filed by plaintiff, Agribank FCB, on February 20, 2001. The parties have consented by stipulation to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c). The motion has been supported by a brief and evidence. Defendant failed to timely file a brief or offer evidence in opposition to the motion; however, defendant filed an affidavit in opposition on April 12, 2001.[1]

_____

[1] Also on April 12, 2001, defendant filed a motion for an extension of time for filing a brief in opposition. In that motion, defendant's counsel asserted that he "was mistaken as to



The court notes that the facts of this case, and the facts relevant to the instant motion, are virtually indistinguishable from the facts of another case filed in this district, <u>Agribank FCB v. Wayne Weeks</u>, CV-00-S-1330-NE.[2] The defendant in the instant case, Roger Weeks, is a farmer. The plaintiff, Agribank FCB, is the assignee of all interests in the AgSmart Loan Program entered into by the defendant. On or about April 13, 1999, Roger Weeks executed a promissory note in the amount of $100,000 and a security

---

the deadline to file the defendant's motion for summary judgment [sic]," stating that he believed the deadline was April 12, rather than March 12, as set forth in this court's order. Assuming that counsel meant that he misunderstood the deadline for filing a brief in opposition, the court notes that defendant's counsel offered the same argument in response to a scheduling order entered in a similar case filed in this district against defendant's brother, <u>Agribank FCB v. Wayne Weeks</u>, CV-00-S-1330-NE. It strains the imagination to believe that defendant's counsel made a one-month error in response to two scheduling orders entered on different days in different cases. In this case, the motion for an extension was set for argument at the same time as plaintiff's motion for summary judgment. Defendant did not address the need for filing a brief at the hearing, did not offer to file any brief at that time, and to date has not filed any brief. Accordingly, the motion for an extension of time for the filing of a brief (court document #17) is MOOT. In the interest of having the matter considered on the merits, however, the plaintiff's motion to strike the untimely affidavit of the defendant (court document #19) is DENIED and the court will consider the untimely affidavit.

[2] In that case, by order entered April 17, 2001, the court found that the plaintiff was entitled to summary judgment in its favor and entered a judgment in the amount of the two promissory notes, plus interest and attorneys' fees.

agreement, securing the note with a security interest in the defendant's crops. On or about August 3, 1999, the defendant executed a second promissory note, this time in the amount of $50,000, along with a security agreement securing the note with a security interest in the defendant's crops. The note and agreement were entered into with American Express Centurion Bank, which assigned all of its rights and interests to the plaintiff on February 11, 2000. The documents for the loan program were provided by UAP SouthEast-Dixie Ag Supply, Inc. ("UAP"), an agricultural supply outlet from which defendant purchased farm supplies.

Pursuant to the AgSmart Loan Program, the defendant received a line of credit, with loans to be provided by using an "AgSmart Card" or "by draft." When the defendant accessed his line of credit by purchasing supplies at UAP, he was not required to show his AgSmart Card or to sign for the purchases because the sellers knew the defendant and had known him "forever." Over the course of the year, defendant purchased supplies from UAP on several occasions. Plaintiff has offered exhibits demonstrating that the amount of the invoices for supplies meets or exceeds the amounts of the two loans. In addition, plaintiff's attorneys have shown that

they have provided legal services to AgriBank in an effort to collect the amounts owed and have incurred costs and expenses.

The defendant admits that he does not know the value of all the supplies he purchased from UAP, but states, without any supporting documents and without specifying which purchases he questions, that "some of the purchases were defiantly [sic] not mine." The court finds that such an unsupported statement of denial is not sufficient to create a genuine issue of material fact.

The defendant does not assert that he did not receive the benefit of the money lent to him through the AgSmart program, but rather asserts that the plaintiff breached the contract by failing to require the defendant to use the AgSmart Card when making purchases. The defendant argues simply that because UAP did not require the defendant to use the AgSmart card when making purchases, that he should not be liable for the amount charged.

Having reviewed the motion, the brief, the evidence presented by the parties, and having heard oral argument, the court finds that the motion for summary judgment is due to be granted. It is undisputed that the defendant agreed to repay the funds provided to him pursuant to the promissory notes at issue, plus interest and fees incurred in collection. It is undisputed that the money was

4

disbursed by the plaintiff and received by the defendant. The fact that the disbursement of the funds may not have occurred precisely in accordance with the terms of the notes is not material to the contract. Defendant received the benefit of the bargain, and now refuses to honor his obligations under the agreement.

Accordingly, consistent with the foregoing discussion of the evidence presented by both parties in support of and in opposition to the motion summary judgment, this court determines that plaintiff's motion for summary judgment (court document #14) against defendant is due to be GRANTED and the plaintiff, Agribank, FCB, shall be awarded a judgment against the defendant, Roger Weeks, in the amount of 184,480.44,[3] plus attorneys' fees in the amount of $26,573.76,[4] for a total judgment of $211,054.20, together with the costs of this action.

---

[3] This amount represents **$100,000.00** in principal from the first promissory note, plus **$18,653.16** in interest accrued up to the filing of the motion on January 17, plus **$4,881.36** ($36.98 per day for 132 days) in interest accrued between January 17 and the date of this order; and **$50,000.00** in principal from the second promissory note, plus **$8,505.24** in interest accrued up to January 17, plus **$2,440.68** ($18.49 per day for 132 days) in interest accrued between January 17 and the date of this order.

[4] This amount represents fifteen percent of the total principal owed by the defendant and it is both fair and reasonable under the circumstances. See Affidavit of Robert H. Adams, attached as Exhibit D to the motion for summary judgment.

A separate order will be entered herewith granting judgment in favor of the plaintiff.

Dated the 21st day of May, 2001.

T. MICHAEL PUTNAM
CHIEF MAGISTRATE JUDGE